Song v. Holder

BIA
Zagzoug, IJ
A094 793 330

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand thirteen.

PRESENT:
        JON O. NEWMAN,
        JOSÉ A. CABRANES,
        PETER W. HALL,
            *Circuit Judges.*
_____

CHEN SONG,
        *Petitioner,*

        v.                                      12-3761
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Lewis G. Hu, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Anthony W.
                         Norwood, Senior Litigation Counsel;
                         Lisa M. Damiano, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chen Song, a native and citizen of China, seeks review of a August 27, 2012, decision of the BIA affirming the February 7, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Song*, No. A094 793 330 (B.I.A. Aug. 27, 2012), *aff'g* No. A094 793 330 (Immig. Ct. N.Y. City Feb. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, like Song's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the

2

plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the totality of the circumstances supports the agency's adverse credibility determination.  The agency reasonably found that Song's testimony lacked detail about the content of his Christianity classes, given he had attended for eight weeks but was only able to cite one lesson.  Similarly, although he testified he had attended church since 2007, his explanation of his faith and how it affected his life was ambiguous and generalized.  While this alone would likely not be sufficient to support an adverse credibility finding, *see Rizal v. Gonzales*, 442 F.3d 84, 86 (2d Cir. 2006) (finding a lack of doctrinal knowledge insufficient to support an adverse credibility finding), together with Song's lack of corroborating evidence and his

incredible witness, the agency's determination was reasonable.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder").

To establish he had suffered past persecution, Song offered his father's friend as a witness.  The witness had allegedly seen Song two days after his severe beating by the Chinese authorities.  However, as the agency properly noted, the witness's testimony was inconsistent, as she stated that she heard about the cause of Song's problems from his father, but later said Song had told her himself. Similarly, her testimony was inconsistent regarding when Song's beating occurred, how long Song was detained, how he was released from prison, and whether he had to pay bail. The IJ determined that the witness's testimony was not fluid or responsive, but rather seemed to be memorized.  These specific examples of confused and inconsistent witness testimony support the adverse credibility finding.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii).

4

In addition, the agency correctly determined that Song did not corroborate either his claim of past persecution or of a well-founded fear of future persecution. *See Biao Yang v. Gonzales v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As evidence of his past persecution, Song offered letters from family and friends who were interested parties not subject to cross-examination. *See Matter of H-L-H & Z-Y-Z*, 25 I&N Dec. 209, 214-15 (BIA 2010), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). He also offered two medical prescriptions in place of medical records. When questioned about the records, Song stated that perhaps his medical treatment occurred too long ago, and this was all he was able to obtain. The agency was not reasonably compelled to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Song also offered a brief letter from his pastor which did not give any information about his church attendance, and the pastor was unavailable to testify telephonically.

5

Even though Song had asked other church members to testify on his behalf, no one did so.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Because the only evidence of a threat to Song's life or freedom depended upon his credibility, the adverse credibility determination in this case also precludes success on his claim for withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk